Filed 12/18/23  P. v. Knapp CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098125 |
| Plaintiff and Respondent, | (Super. Ct. No. 118548) |
| v. | |
| ERIC KNAPP, | |
| Defendant and Appellant. | |

Approximately 30 years ago, a jury found defendant Eric Knapp guilty of numerous sexual offenses committed against two different victims on two separate occasions.  As a result, he is required to register as a sex offender.  (Pen. Code,[1] § 290, subd. (c).)  On October 30, 2020, defendant filed a petition for recall and resentencing pursuant to former section 1170.91.  On February 23, 2023, the trial court denied the petition, because it found defendant was not suitable for resentencing.  In this appeal,

---

[1]  Undesignated statutory references are to the Penal Code.

1

defendant contends that the trial court abused its discretion in denying his petition. The People argue, among other things, that defendant is categorically ineligible for resentencing under section 1170.91, subdivision (c), which states that section 1170.91 does not apply to a person who has been convicted of an offense requiring registration as a sex offender (§ 290, subd. (c)). As we will explain, because the recent amendments to section 1170.91 are only a partial repeal of an existing statutory right or remedy, we conclude that we must apply the current version of the statute, which renders defendant ineligible for relief. We will affirm the judgment.

## I.  BACKGROUND

In 1993, a jury convicted defendant of two counts of sexual battery (§ 243.4, subd. (a)), two counts of forcible rape (§ 261, subd. (a)(2)), three counts of forcible oral copulation (former § 288a, subd. (c)), five counts of forcible sexual penetration with a foreign object (§ 289, subd. (a)), one count of first degree burglary (§ 459), and one count of assault with a deadly weapon (§ 245, subd. (a)(1)). The jury also found true all allegations, including the use of a deadly weapon enhancement (§§ 12022, subd. (b), 12022.3, subd. (a)).

Before defendant's sentencing hearing, which was held on February 18, 1994, defendant filed a statement in mitigation, which discussed his military service from when he was 17 years old in 1985 through 1992. Defendant also participated in a psychological evaluation, in which he reported "sexual acting out," "excessive masturbation," and exposure to pornography and molestation several times at a very early age. Defendant reported that he engaged in sexual conduct with his half sister and was arrested when he was 14 years old for sexual conduct with an eight-year-old female. According to the report, defendant also excessively abused diet pills and alcohol by the time he was 14 years old, and suffered "[r]epeated violent physical abuse" by his stepfather. The trial court sentenced defendant to an aggregate term of 98 years.

2

As noted earlier, on October 30, 2020, defendant in propria persona filed the petition which alleged that defendant was currently serving a sentence for offenses that he committed while in the United States military. The petition stated that "as a result of his military service that he was suffering from possible traumatic brain injury, post-traumatic stress disorder, substance abuse and had mental health problems at the time the November 22, 1992, offense was committed."

Then, on January 18, 2023, defendant, through his appointed counsel, filed a resentencing brief, which reiterated the allegations of his petition, and noted those matters were never presented to the trial court nor considered as mitigating factors at sentencing.[2] Defendant alleged that he had been diagnosed with posttraumatic stress disorder based on sexual abuse as a youth and during his military service and from being raped and stabbed in prison. Defendant also contended that he had been diagnosed with major depressive disorder and attempted suicide five times, the first time when he was 17 years old because his best friend was murdered and the subsequent four times after he was arrested and in custody. Defendant claimed during his military service he suffered concussions, drank heavily to deal with stress from harassment due to a relationship with a former coworker, and was sexually harassed by a supervisor. He also claimed he was "emotionally traumati[zed]" by his discharge from the Marine Corps, which occurred after he suffered an allergic reaction to an insect bite while in boot camp.

On February 23, 2023, the trial court denied defendant's petition. The trial court considered that defendant may be suffering from the mental health problems he described in his petition, but exercised its discretion to find defendant was not suitable for resentencing under section 1170.91. The trial court specifically found defendant's claims

---

[2] Defendant only sought resentencing on one count of sexual battery (§ 243.4, subd. (a)) and its attendant use of a deadly weapon enhancement (§ 12022, subd. (b)), and another count of sexual battery (§ 243.4, subd. (a)).

of possible traumatic brain injury, posttraumatic stress disorder, substance abuse, and sexual trauma were not credible and therefore gave them "very little weight." The trial court observed that defendant "fail[ed] to disclose any relationship between his military service and mental health problems when a reasonable person in the same situation would have done so" and found that the psychological report revealed that defendant "possesses a host of other mental health conditions and disorders that have nothing to do with military service." After considering the defendant's petition and resentencing brief, and weighing the mitigating factors and aggravating factors, the trial court concluded that resentencing would not be in the interests of justice. (§ 1170.91, subd. (b)(3).)

## II. DISCUSSION

### A. Legal Background

Enacted in 2014, section 1170.91 required courts, in determinate sentences, to consider as mitigating factors certain conditions that defendants might be suffering due to their military service. (Former § 1170.91, added by Stats. 2014, ch. 163, § 2, eff. Jan. 1, 2015.) These conditions include sexual trauma, traumatic brain injury, posttraumatic stress disorder, substance abuse, and mental health problems. (*Ibid*.)

In 2018, the Legislature amended section 1170.91 to add retrospective relief for defendants sentenced prior to 2015 who suffered one of the qualifying conditions as a result of their military service. (Former § 1170.91, subd. (b), as amended by Stats. 2018, ch. 523, § 1.)

In 2022, the Legislature amended section 1170.91 again. In addition to expanding eligibility for relief to a category of defendants not relevant to this appeal, the Legislature also restricted eligibility by adding subdivision (c) that states, "This section does not apply to a person convicted of, or having one or more prior convictions for, an offense specified in [section 667, subdivision (e)(2)(C)(iv)] or an offense requiring registration pursuant to [section 290, subdivision (c)]." (§ 1170.91, subd. (c).) Those who, like defendant, have been convicted pursuant to sections 243.4, 261, former 288a, or 289 are

4

required to register as sex offenders. (§ 290, subd. (c)(1).) Section 1170.91, subdivision (b) continued to state that the "subdivision shall apply retroactively." (§ 1170.91, subd. (b)(10); see also former § 1170.91, subd. (b)(1)(B).)

B.      Analysis

Defendant contends that he is not statutorily ineligible for relief even though he was convicted of offenses requiring him to register as a sex offender under section 1170.91, subdivision (c).[3] Defendant points out that while subdivision (b) states that "[t]his subdivision shall apply retroactively" (§ 1170.91, subd. (b)(10)), subdivision (c) is silent on the matter. Defendant argues, only subdivision (b) applies retroactively to him. The People respond that because the trial court did not deny defendant's petition until February 2023, after section 1170.91, subdivision (c), became effective, application of section 1170.91, subdivision (c), would be prospective to him and not retroactive.

Our colleagues in the Sixth District recently held that "section 1170.91, subdivision (c), applies to pending petitions for resentencing filed before January 1, 2023, . . ." (*People v. Sherman* (2023) 91 Cal.App.5th 325, 333 (*Sherman*).) In *Sherman*, the defendant filed his petition for recall and resentencing under section 1170.91 in 2020. (*Sherman*, at p. 328.) The trial court denied the petition and defendant

---

[3] Because we conclude defendant is categorically ineligible for resentencing under section 1170.91, subdivision (c), we need not resolve defendant's claim that the trial court abused its discretion in denying his petition. We note, however, that even if defendant were not categorically ineligible, a review of the record supports the conclusion that the trial court did not abuse its discretion. The trial court found defendant's claims lacked credibility for a variety of reasons including the fact his comprehensive psychological evaluation did not mention anything (with one minor exception) about military-related trauma and that defendant "possessed a host of other mental health conditions that have nothing to do with military service." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 ["The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest' "].)

appealed. (*Id*. at p. 329.) On appeal, the People argued the defendant was categorically ineligible for relief under the newly adopted section 1170.91, subdivision (c), because he was convicted of offenses that required him to register as a sex offender. (*Sherman*, at p. 330.) The defendant responded that the statute's plain language meant that the retroactivity provision of section 1170.91 applied only to subdivision (b), and not subdivision (c). (*Sherman*, at p. 332.) The appellate court agreed with the People. (*Id.* at p. 330.)

As the *Sherman* court explained: " 'The repeal of a statutory right or remedy . . . presents entirely distinct issues from that of the prospective or retrospective application of a statute.' [Citation.] 'Where, as here, the Legislature has conferred a remedy and withdraws it by amendment or repeal of the remedial statute, the new statutory scheme may be applied to pending actions without triggering retrospectivity concerns . . . .' [Citation.] This rule also applies to a partial repeal of an existing statutory right or remedy. [Citation.] ' "The justification for this rule is that all statutory remedies are pursued with full realization that the [L]egislature may abolish the right to recover at any time." ' " (*Sherman*, *supra*, 91 Cal.App.5th at pp. 330-331.)

Noting that the rule has been "applied to the repeal of a statutory provision designed to ameliorate criminal punishment," the *Sherman* court held that the rule applied to the 2022 amendments to section 1170.91. (*Sherman*, *supra*, 91 Cal.App.5th at p. 331.) Section 1170.91 is a remedial statute intended to permit the trial court to ameliorate a potentially excessive sentence for those who may suffer a qualifying condition due to their military service. In adding subdivision (c) to section 1170.91, the Legislature took away the possibility of relief for certain groups of defendants who had previously been eligible, thereby "effectively accomplish[ing] a partial repeal of the statute." (*Sherman*, at p. 331.) Because the defendant was asserting a purely statutory right to be resentenced, he had no vested right to resentencing, and the appellate court was required to apply the current version of section 1170.91 in resolving his appeal,

6

"including the carve-out in subdivision (c)." (*Sherman*, at pp. 331-332.) Given that the defendant in *Sherman* was categorically ineligible for relief under the current version of section 1170.91, the appellate court affirmed. (*Sherman*, at pp. 333-334.)

Like in *Sherman,* defendant here was asserting a purely statutory right to be resentenced, and he had no vested right to resentencing.[4] Thus, we apply the current version of section 1170.91 in resolving his appeal which includes the carve-out provision in section 1170.1, subdivision (c), making him ineligible for relief because he was convicted of crimes that require him to register as a sex offender.

### III.     DISPOSITION

The judgment is affirmed.

/S/                          ,
WISEMAN, J.[*]

We Concur:

/S/
ROBIE, Acting P. J.

/S/
KRAUSE, J.

---

[4] Defendant's position is even weaker than that of Sherman's because in defendant's case, even though defendant's petition was filed prior to the 2022 amendments, the trial court did not rule on his petition until *after* the amendments became effective on January 1, 2023. Arguably, section 1170.91, subdivision (c) was applied prospectively—not retroactively.

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.